UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| JESSICA K. BALESTRA, | 3:09-CV-00563-RCJ-(RAM) |
| Petitioner, | |
| v. | ORDER |
| DEBRA M. BALESTRA-LEIGH, individually and as executor of the Estate of Stephen Balestra, Jr., & STEPHEN M. BALESTRA, individually, | |
| Respondents. | |

Petitioner Jessica K. Balestra, ("Petitioner"), filed the present action in a Nevada probate proceeding seeking a declaration of her status as a pretermitted spouse and her rights to her intestate share in the estate of her late-husband. Respondents Debra M. Balestra-Leigh and Stephen M. Balestra, ("Respondents"), removed the action to this Court. Presently before the Court are Petitioner's Motion to Remand (#7) and Respondents' Motion to Dismiss (#14). Both motions have been fully briefed (#9, 11, 16, 17). The Court held a hearing on April 23, 2010. The Court now issues the following order. IT IS HEREBY ORDERED that Petitioner's Motion to Remand (#7) is GRANTED and Respondents' Motion to Dismiss (#14) is DENIED as MOOT.

///

///

1

## I. BACKGROUND

Testator Stephen Balestra, Jr., ("Testator"), executed his will on December 8, 2003. His will appointed his daughter, Debra Balestra-Leigh as personal representative of his estate, and, after authorizing payment of creditors and taxes, devised his entire residual estate in equal shares to his children, Respondents. (Last Will and Testament of Stephen Balestra, attached to Pet. for Removal (#1)).

In 2005, Testator married Petitioner after they executed a prenuptial agreement. Testator died testate in 2009 without executing a post-marital will or codicil. Testator is survived by his widow, Petitioner, his daughter Debra Balestra-Leigh, and his son Stephen M. Balestra.

On June 3, 2009, a probate proceeding was initiated in the Second Judicial District Court of the State of Nevada to probate Testator's will. The court accepted the will into probate. On June 24, 2009, Jessica Balestra submitted a claim for her intestate share of the estate as a pretermitted spouse. Debra Balestra-Leigh, as personal representative, rejected the claim on July 9, 2009 and provided a second notice of rejection of the claim on August 13, 2009.

On August 31, 2009, Jessica Balestra filed a petition to revoke the testator's will with respect to her as a pretermitted surviving spouse. She seeks a declaration that the will is revoked as to her and that she is entitled to her intestate share of one-third of the estate. On September 25, 2009, Respondents removed Petitioner's petition to this Court.

## II. LEGAL STANDARD

"If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded." 28 U.S.C. § 1447(c). Removal statutes are strictly construed against removal jurisdiction. *Gaus v. Miles*, 980 F.2d 564, 566 (9th Cir. 1992). "'Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.'" *Id.* (quoting *Libhart v. Santa Monica Dairy Co.*, 592 F.2d 1062, 1064 (9th Cir.1979)). The defendant always has the burden of establishing that removal is proper.

2

*Gause*, 980 F.2d at 566; *see Newmark & Lewis, Inc. v. Local 814, Int'l Brotherhood of Teamsters*, 776 F. Supp. 102, 105 (E.D.N.Y. 1991) ("On a motion to remand pursuant to 28 U.S.C. § 1447(c), 'the burden falls squarely upon the removing party to establish its right to a federal forum by 'competent proof.'" (quoting *R.G. Barry Corp. v. Mushroom Makers, Inc.*, 612 F.2d 651, 655 (2d Cir. 1979))).

### III. ANALYSIS

#### A. Petitioner's action is a declaratory action under Nevada Revised Statutes § 30.060.

The parties disagree over exactly where Petitioner's petition fits into Nevada's probate and estate administration procedure. Petitioner first characterized her claim as a creditor's claim under Nevada Revised Statutes § 147.040. (*See* Claim of Jessica K. Balestra, attached to Pet. for Removal (#1)) After the personal representative rejected her § 147.040 claim, Petitioner tried again, characterizing her claim as a will contest under § 137.080. (Pet.'s Mot. to Remand (#7) 3:20–24). Finally, Petitioner now characterizes her claim as "a general probate petition to establish her heirship." (Pet.'s Opp'n (#16) 5:18–19).

Petitioner's action is not a creditor's claim under § 147.040. A creditor's claim diminishes the estate. *Bell Brand Ranches, Inc. v. First Nat'l Bank of Nev.*, 531 P.2d 471, 473 (Nev. 1975). The personal representative of the estate pays off the creditors of the estate prior to distributing the estate to the devisees and heirs. *See* Nev. Rev. Stat. §§ 147.010–147.230. Petitioner seeks a declaratory judgment that the will is revoked as to her as a pretermitted spouse and that she is entitled to her intestate share of the estate. (Pet. for Revocation, attached to Pet. for Removal (#1)). She does not seek to establish a claim as a creditor, but instead her right to distribution of her intestate share of the estate, which occurs after the personal representative settles creditor claims. *See* Nev. Rev. Stat. §§ 151.080–151.110.

Petitioner's action is not a will contest. A will contest challenges the probate of a will on specific grounds. In a will contest, a contestant may challenge the probate of a will

3

because the will was not duly executed, or because the testator was not of sound mind, or under duress, menace, undue influence, or fraudulent representation. Nev. Rev. Stat. § 137.060. Petitioner does not make any of these allegations or challenge the probate of the will. Though the pretermitted spouse statute, § 133.110, revokes the will as to the pretermitted spouse, it does not invalidate the will or revoke it from probate. *See In re Marriage of Duke*, 549 N.E.2d 1096, 1101 (Ind. Ct. App. 1990) ("The pretermission statute did not seek to void the will; rather, it had only the effect of removing the heir's intestate share from the testate property in the estate, leaving the will operative in all other respects.").

Petitioner's action is for a declaration of rights under § 30.060. Section 30.060 states:

> 1. Any person interested as or through an executor, administrator, trustee, guardian or other fiduciary, creditor, devisee, legatee, heir, next of kin or cestui que trust, in the administration of a trust, or of the estate of a decedent, an infant, lunatic or insolvent, may have a declaration of rights or legal relations in respect thereto:
> (a) To ascertain any class of creditors, devisees, legatees, heirs, next of kin or others;
> (b) To direct the executors, administrators or trustees to do or abstain from doing any particular act in their fiduciary capacity; or
> (c) To determine any question arising in the administration of the estate or trust, including questions of construction of wills, trusts and other writings.
> 2. Any action for declaratory relief under this section may only be made in a proceeding commenced pursuant to the provisions of title 12 or 13 of NRS, as appropriate.

Nev. Rev. Stat. § 30.060. Title 12 governs wills and estates.

**B.   This Court has no jurisdiction over Petitioner's action because it falls within the probate exception to federal diversity jurisdiction.**

Under the probate exception to federal diversity jurisdiction, the federal courts may not exercise jurisdiction over certain probate matters. If a plaintiff seeks a judgment out of estate property, the probate exception applies to bar federal jurisdiction. But, if he seeks only general in personam damages against a representative of an estate or a third-party stemming from testamentary or probate matters, the probate exception does not apply. *See Lefkowitz v. Bank of New York*, 528 F.3d 102, 107–08 (2d Cir. 2007); *see also Jones v. Brennan*, 465 F.3d 304, 307–08 (7th Cir. 2006) (holding that a claim for breach of fiduciary duty against the administrator of an estate is not subject to the probate exception); *Vanderburg v. Vanderburg*,

No. 7:07-CV-048, 2007 WL 1342091, at *1 (N.D. Tex. May 1, 2007) (accepting magistrate's recommendation that a removed action to determine heirship is within the probate exception).

In *Lefkowitz v. Bank of New York*, the plaintiff filed a diversity action in the Southern District of New York against the executor of her parents' estate for, inter alia, refusal to distribute to plaintiff certain property in her parent's estate. 528 F.3d at 104. The plaintiff alleged claims for breach of fiduciary duty, aiding and abetting breach of fiduciary duty, conversion, fraudulent misrepresentation, fraudulent concealment, and unjust enrichment. *Id.* She sought payment for monies owed, specific performance, declaratory relief confirming her entitlement to estate assets, and compensatory, punitive, and statutory damages. *Id.* The district court dismissed the case for lack of subject-matter jurisdiction under the probate exception and plaintiff appealed. *Id.* at 105. The Second Circuit held that it lacked jurisdiction, under the probate exception, to entertain the plaintiff's claims seeking disgorgement of funds under the control of a probate court and a determination of her rights to payment out of the estate. *Id.* at 107. However, the court held that federal jurisdiction existed over in personam claims against the executor of the estate for breach of fiduciary duty, fraudulent misrepresentation, and fraudulent concealment. *Id.* at 107–08.

Furthermore, Nevada has made clear its intent to keep claims against an estate in the probate court. The Nevada Supreme Court has held that judicial review of a personal representative's rejection of a creditor's claim lies exclusively in the Nevada district court administering the estate. *Bergeron v. Loeb*, 675 P.2d 397, 399 (Nev. 1984). The Nevada legislature recently restricted actions for a declaration of heirship to courts conducting probate, estate administration, and other limited proceedings. Act of May 29, 2009, ch. 358, 2009 Nev. Stat. sec. 31, § 30.060. It is clear that Nevada has a strong interest in giving its district courts sitting in probate exclusive management of the probate and administration of estates, up to and including distribution.

Petitioner seeks a declaration that she is entitled to her intestate share in Testator's estate. She seeks a judgment out of the estate, rather than an in personam judgment against the administrator, a beneficiary, or a third party. The determination of heirship and rights in

distribution of an estate is clearly at the core of the probate court's functions. For this Court to declare such rights would unduly interfere with the probate proceedings. Therefore, her action falls within the probate exception and the Court may not exercise subject-matter jurisdiction over it.

Respondents argue that Petitioner's action is not within the probate exception as articulated by the Supreme Court. The Supreme Court has defined the probate exception to federal diversity jurisdiction narrowly.

> [T]he probate exception reserves to state probate courts the probate or annulment of a will and the administration of a decedent's estate; it also precludes federal courts from endeavoring to dispose of property that is in the custody of a state probate court. But it does not bar federal courts from adjudicating matters outside those confines and otherwise within federal jurisdiction.

*Marshall v. Marshall*, 547 U.S. 293, 311–12 (2006). In addition to barring federal courts from engaging in probate or annulment of a will and the administration of an estate, the probate exception incorporates the doctrine of custodia legis, "the general principle that, when one court is exercising *in rem* jurisdiction over a *res*, a second court will not assume *in rem* jurisdiction over the same *res*." *Id.* at 311. This principle is narrow. The doctrine "has no application to a case in a federal court based upon diversity of citizenship, wherein the plaintiff seeks merely an adjudication of his right or his interest as a basis of a claim against a fund in the possession of a state court . . . ." *Princess Lida v. Thompson*, 305 U.S. 456, 466 (1939).

According to the Supreme Court, despite the probate exception,

> "federal courts of equity have jurisdiction to entertain suits 'in favor of creditors, legatees and heirs' and other claimants against a decedent's estate 'to establish their claims' so long as the federal court does not interfere with the probate proceedings or assume general jurisdiction of the probate or control of the property in the custody of the state court."

*Id.* at 310 (quoting *Markham v. Allen*, 326 U.S. 490, 494 (1946).

> "[W]hile a federal court may not exercise its jurisdiction to disturb or affect the possession of property in the custody of a state court, . . . it may exercise its jurisdiction to adjudicate rights in such property where the final judgment does not undertake to interfere with the state court's possession save to the extent that the state court is bound by the judgment to recognize the right adjudicated by the federal court."

*Marshall*, 547 U.S. at 310 (quoting *Markham*, 326 U.S. at 494)); *see also F.T.C. v. J.K. Publ'ns, Inc.*, No. CV 99-00044, 2009 U.S. Dist. LEXIS 36885, at *8–10 (C.D. Cal. April 13, 2009) ("[A] federal court properly adjudicates rights regarding property that is the subject of a probate proceeding so long as the federal court does not order the transfer of any property belonging to the probate estate.").

Applying the Supreme Court's articulation of the probate exception, the Court concludes that the probate exception must cover the case at bar. If the Court were to enter judgment for Petitioner declaring that she is a pretermitted spouse with rights to her intestate share of the estate, the Court would directly interfere with the probate proceedings by declaring the distribution of the estate amongst heirs, as opposed to tort or contract claimants. The estate property would not remain in the exclusive control of the probate court, which would be expected to honor this Court's ultimate determination of inheritance rights.

In *Marshall*, the testator created a living trust and a pour-over will benefitting his son. 547 U.S. at 300. The testator left nothing for the benefit of his surviving spouse, who he had lavished gifts on during his life. *Id.* While the testator's estate was being administered in a probate court in Texas, the surviving spouse filed for bankruptcy in the Central District of California. *Id.* The son filed a proof of claim in the bankruptcy proceeding alleging that the surviving spouse had defamed him when her lawyers told the press that he had "engaged in forgery, fraud, and overreaching to gain control of his father's assets." *Id.* The surviving spouse then asserted counterclaims, including a claim that the son had tortiously interfered with her expected testamentary gift by imprisoning the testator, preventing her from contacting him, making misrepresentations to him, and transferring the testator's property against his wishes. *Id.* at 301. The bankruptcy court granted summary judgment in favor of the surviving spouse on the son's claim and entered judgment for the surviving spouse on her tortious interference counterclaim after a trial on the merits. *Id.*

The son filed a post-trial motion to dismiss for lack of subject-matter jurisdiction, arguing that the tortious interference counterclaim could only be tried by the Texas probate court. *Id.* The bankruptcy court denied the motion, holding that the argument was waived

7

1  because it was not timely asserted. *Id.* at 301–02. Following a jury trial, the Texas probate
2  court declared the testator's living trust and will valid. *Id.* at 302.

3        The son appealed the bankruptcy court's judgment to the district court. *Id.* The district
4  court held that the jurisdictional argument was not waived, but that the tortious interference
5  counterclaim was not within the probate exception. *Id.* The district court then conducted an
6  independent review and held that the son had tortiously interfered with the surviving spouse's
7  expectancy. *Id.* at 303–04. On appeal, the Ninth Circuit reversed, holding that the probate
8  exception extends to claims that raise questions which would ordinarily be decided by a
9  probate court. *Id.* at 304. The Ninth Circuit also held that the federal court's lacked
10 jurisdiction over the counterclaim because Texas had vested exclusive jurisdiction over such
11 claims with its probate courts, divesting jurisdiction from its courts of general jurisdiction, and
12 because the Texas probate court had ruled that it had exclusive jurisdiction. *Id.* at 304–05.

13       On review, the Supreme Court only held that the probate exception did not bar federal
14 jurisdiction over a disinherited surviving spouse's claim against the ultimate beneficiary of her
15 husband's estate for tortious interference with her expected gift. *Id.* at 300–01. The surviving
16 spouse sought only an in personam judgment against the son. *Id.* at 312. She did not seek
17 to annul the will generally or as to any specific share, revoke probate, or reach a res in the
18 state court's custody. *Id.* Importantly, the surviving spouse was not suing the estate. The
19 action in *Marshall* was far removed from the probate of a will or administration of an estate.
20 The in personam claim against the beneficiary-son was clearly outside the probate exception.
21 The issue of a declaratory judgment as to a party's ultimate rights in distribution of the estate
22 was not before the Supreme Court.

23       In *Markham*, the testator's estate was being administered in a California court. 326
24 U.S. at 492. Six American heirs-at-law petitioned the California court to declare the German
25 legatees ineligible as beneficiaries. *Id.* While the petition was pending, the Alien Property
26 Custodian issued an order vesting himself with the interests of German legatees in the
27 testator's estate. *Id.* The Alien Property Custodian then brought suit in a federal district court
28 against the six American claimants and the executor, seeking a declaration that the six

claimants have no interest in the estate and that the executor should distribute the entire estate to the Alien Property Custodian after the final accounting. *Id.* at 492–93. The district court granted judgment for the Alien Property Custodian. *Id.* at 493. On appeal, the Ninth Circuit reversed and ordered the case dismissed, holding that the district court lacked subject-matter jurisdiction under the probate exception. *Id.* On review, the Supreme Court held that the action was not within the probate exception because the Alien Property Custodian only sought an order that he was entitled to the net estate at distribution that would leave the estate in the hands of the California court during administration. *Id.* at 495.

Though *Markham* may appear to hold that an action for a declaration of a party's rights at the distribution of an estate is not within the probate exception, it is distinguishable from the case at hand. *Markham* dealt with federal jurisdiction under the Trading With The Enemy Act of 1917, 50 U.S.C. app. § 1 *et seq.*, which specifically confers jurisdiction to federal district courts "independently of the statutes governing general jurisdiction of the federal courts." *Id.* at 495–96. This case, however, implicates only general diversity jurisdiction. Though the probate exception may be very narrow in cases where Congress has specifically granted federal jurisdiction, it remains broad in general diversity cases.

## IV. CONCLUSION

Accordingly, IT IS ORDERED that Petitioner's Motion to Remand (#7) is GRANTED.

IT IS FURTHER ORDERED that this action is REMANDED to the Second Judicial District Court of the State of Nevada.

IT IS FURTHER ORDERED that Respondents' Motion to Dismiss (#14) is DENIED as MOOT.

DATED: This 15th day of July, 2010.

Robert C. Jones
UNITED STATES DISTRICT JUDGE